**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| RUDOLPH SHAWN GAGUSKI, | : | CIVIL ACTION NO. |
| GDC ID # 1005953, | : | 2:11-CV-00151-WCO-SSC |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| MICHAEL PARHAM, | : | 42 U.S.C. § 1983 |
| JODI SPEGAL, | : | PRISONER CIVIL RIGHTS |
| CLIFF STICHER, | : | |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

On June 20, 2011, Plaintiff filed his original complaint in this action, alleging that the Defendants—his public defender, Michael Parham, and two members of the Fannin County District Attorney's Office, Jodi Spegal and Cliff Sticher ("the Attorney Defendants")—denied his constitutional rights in connection with his conviction for possession of marijuana by an inmate. [Doc. 1 at 1-4]. On September 14, 2011, the Court granted Plaintiff *in forma pauperis* status and ordered him to pay an initial partial filing fee of $8.00. [Doc. 18]. The copy of that order mailed to Plaintiff was returned as undeliverable. [Doc. 19]. However, Plaintiff has now filed a motion for default judgment [Doc. 20] and a purported amended complaint [Doc. 21], and the Clerk has mailed the September 14 Order and a copy of the docket sheet to a new address that Plaintiff has provided, although he has not filed a formal notice of address change on the record. (See unnumbered docket entry for Sept. 30, 2011; Doc. 22). It is therefore unclear

whether Plaintiff is still in custody or has been released. Plaintiff also has not paid the $8.00 initial partial filing fee as ordered.

In Plaintiff's purported amended complaint, he seeks to sue Nurse Ann Evans and Dr. Michael Mumunn of the medical staff at the Fannin County Detention Center and Captain Greg Newman of the Detention Center ("the Detention Center Defendants") based on their alleged deliberate indifference to his chronic and serious medical needs. (Doc. 21 at 1-4). This purported amendment involves entirely different defendants and entirely different claims from Plaintiff's original complaint. Therefore, a joinder of these two complaints is not appropriate. See Fed. R. Civ. P. 20(a)(2) (allowing for joinder of defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action").

> Courts have developed a variety of tests to give meaning to the first requirement of Rule 20 that all claims regard or arise from the same transaction or occurrence. . . . In the Eleventh Circuit, courts apply the logical relationship test. Republic Health Corp. v. Lifemark Hosp. of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985). Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim. Id. at 1455 (citing Plant v. Blazer Fin. Serv., 598 F.2d 1357, 1361 (5th Cir. 1979)).

AO 72A
(Rev.8/82)

Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010). Here, there is no "logical relationship" between the claims Plaintiff has raised against the Attorney Defendants (concerning his drug conviction) and those he has raised against the Detention Center Defendants (concerning his medical treatment while incarcerated). These claims do not "rest on the same set of facts," nor do the facts giving rise to one set of claims "activate additional legal rights supporting the other" set of claims. See id. Moreover, it is apparent that there is no "question of law or fact common to all defendants," Fed. R. Civ. P. 20(a)(2)(B), because the claims against the Attorney Defendants are wholly separate from the claims against the Detention Center Defendants and arise from a wholly separate set of alleged circumstances.

Accordingly, the Clerk is **DIRECTED** to docket Plaintiff's purported amended complaint [Doc. 21] as a separate civil action, to adjust the style of this case accordingly, and to send Plaintiff, along with copies of this Order and of the docket sheet for his newly opened case, applications for *in forma pauperis* status for both a prisoner and a non-prisoner (two of each, four in total).

Plaintiff is **ORDERED** to send to the Court a notice of his change of address, and depending upon whether he is still in custody or has been released, to file the appropriate *in forma pauperis* application (for a prisoner or for a non-prisoner) in each civil action. Plaintiff is **ADVISED** that failure to submit the appropriate *in*

3

*forma pauperis* application within thirty (30) days of the entry date of this Order may result in dismissal of one or both of his civil actions.

Finally, inasmuch as the Attorney Defendants have yet to be served with Plaintiff's complaint, it is **RECOMMENDED** that Plaintiff's motion for default judgment against them [Doc. 20] be **DENIED**. See Dunagan v. ABBC, Inc., No. 11-00280-KD-C, 2011 U.S. Dist. LEXIS 119550, at *2 (S.D. Ala. Oct. 14, 2011) (noting that "court lacks jurisdiction to enter judgment against a party that has not properly been served with process" and that court "must be certain that valid service of the summons and complaint has been made before entering default judgment") (citing Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv., 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." (citation omitted)) and In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void.")).

The Clerk is **DIRECTED** to resubmit this matter to the Magistrate Judge upon receipt of Plaintiff's updated financial affidavit or upon the expiration of the thirty-day time period noted above.

AO 72A
(Rev.8/82)

**SO ORDERED, RECOMMENDED, and DIRECTED** this 7th day of November, 2011.

*Susan S. Cole*
_____
SUSAN S. COLE
United States Magistrate Judge

AO 72A
(Rev.8/82)